**No. 2023-2213**

---

*In the*

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

# CLAIMANT-APPELLANT'S REPLY BRIEF

*Re*

---

**DANIEL R. SMITH,**

Claimant-Appellant,

*versus*

**DENIS MCDONOUGH,**
Secretary of Veterans Affairs,

Respondent-Appellee.

---

**ON APPEAL FROM THE**
**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**
**IN VET. APP. NO. 21-3246, CHIEF JUDGE MARGARET BARTLEY**

---

**KENNETH M. CARPENTER**
Carpenter, Chartered
1525 Southwest Topeka Boulevard
Post Office Box 2099
Topeka, Kansas 66601
785-357-5251

Attorney for Claimant-Appellant

**Table of Contents**

Page

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of Rebuttal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Contrary to the Secretary's arguments Mr. Smith's appeal presents a question of law within this Court's jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . 1

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# Table of Authorities

Page

## Decisions

*Amin v. Merit Systems. Protection Board*, 951 F.2d 1247 (Fed. Cir. 1991). . . . . . . . . . . . . . . . . 2

*AZ v. Shinseki*, 731 F.3d 1303 (Fed. Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6

*Buczynski v. Shinseki*, 24 Vet.App. 221 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Fagan v. Shinseki*, 573 F.3d 1282 (Fed. Cir 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7

*Forshey v. Principi*, 284 F.3d 1335 (Fed. Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Forshey v. Principi*, 537 U.S. 823 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Horn v. Shinseki*, 25 Vet.App. 231 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kent v. Principi*, 389 F.3d 1380 (Fed. Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Routen v. West*, 142 F.3d 1434 (Fed. Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Wagner v. Principi*, 370 F.3d 1089 (Fed. Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## Statutes

38 U.S.C. § 1111. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7, 9

## Others

Federal Rule of Evidence 803(7). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## Arguments

### Summary of Rebuttal

The Secretary has chosen not to address the merits of Mr. Smith's appeal and asserts only that his arguments lie beyond this Court's jurisdiction. As a result, the Secretary has waived any argument on the merits. Because the issue presented by Mr. Smith's appeal is an issue of law the Secretary's argument that this Court lacks jurisdiction to review it is without merit and must be rejected by the Court.

### Contrary to the Secretary's arguments Mr. Smith's appeal presents a question of law within this Court's jurisdiction.

The Secretary concedes that, " . . . there is no dispute that, because the board found that Mr. Smith's retinitis pigmentosa 'was not noted at the time of service enlistment,' Appx63, the presumption of soundness under 38 U.S.C. § 1111 applied."' *See* Sec.Brf. at 9 (referring to App.Brf. at 10).[1] Further, the Secretary acknowledges, "Accordingly, service connection could be denied only if the Secretary 'show[ed] clear and unmistakable evidence of both a preexisting condition and a lack of in-service aggravation."' *See id.* (citing to *Wagner v. Principi*, 370 F.3d 1089, 1096 (Fed. Cir. 2004)). Thus, the only matter under appellate consideration before the Veterans Court was whether both prongs of the statutory presumption had been rebutted by the Secretary.

---

[1] References to the Secretary's brief are cited as "Sec.Brf. at xx." References to Mr. Smith's opening brief are cited as "App.Brf. at xx."

*Wagner*, 370 F.3d at 1096. Moreover, in *Kent v. Principi*, 389 F.3d 1380, 1383-84 (Fed. Cir. 2004), this Court held that the Veterans Court reviews whether evidence meets the clear and unmistakable standard *de novo*, as a question of law. This precedent completely undercuts the Secretary's jurisdictional argument.

Mr. Smith's averment of error is that the Veterans Court erred as a matter of law when it determined that the evidentiary burden to rebut the second prong of the presumption of soundness in his case pursuant to 38 U.S.C. § 1111 had been met. Indeed, Mr. Smith's appeal does not ask this Court to decide whether there was sufficient evidence in his case to rebut the presumption. Rather, he asks this Court to decide whether the Veterans Court's determination that the Secretary's evidentiary burden to rebut the second prong of the presumption of soundness under § 1111 had been met where the evidence the Secretary relied upon was the "absence" of evidence. This Court has long recognized that only negative evidence that is **actual** evidence can be used to weigh against a party who benefits from a presumption. Any such negative evidence must be, as a matter of law, actual evidence because to rebut a presumption requires actual proof. *See Amin v. Merit Systems. Protection Board*, 951 F.2d 1247, 1254 (Fed. Cir.1991); *see also Forshey v. Principi*, 284 F.3d 1335, at 1363. (Fed. Cir. 2002) (*en banc*), *cert. denied*, 537 U.S. 823 (2002) (from the dissent).

In this matter the purported clear and unmistakable evidence the Secretary relied on to rebut the presumption of aggravation was the opinion letter prepared by Dr.

Wilson, who was asked to determine whether **it was at least as likely as not** that there was no increase in the severity of Mr. Smith's retinitis pigmentosa ("RP") in service. Appx116. Dr. Wilson was **not** asked by the Secretary whether there was "clear and unmistakable evidence" that Mr. Smith's RP did not increase in severity in service. Nor was Dr. Wilson asked by the Secretary to identify what evidence he considered to have been "clear and unmistakable evidence" that Mr. Smith's RP had not increased in severity during his period of active duty service.

Dr. Wilson was simply asked whether it was "at least as likely as not" that there was no increase in the severity of Mr. Smith's RP in service. His response to this query was:

> No. The veteran's condition is less likely as not increased in severity in the service. The veteran entered the service with 20/40-vision in each eye and left the service with 20/40-vision in each eye. There is no evidence of record that the severity increased. (Note: There is slight variation in the recorded best visual acuity of the left eye, i.e. 20/40- to 20/50. These values are so close as to be inter-changeable and reflect the slight variability of testing situations with an eye only capable of vision in the 20/40 to 20/50 range.)

*See* Appx116 (underscoring in original). This statement is not, as a matter of law, clear and unmistakable evidence the Mr. Smith's RP had not increased while on active duty. Rather, it is a statement based on the absence of evidence that Mr. Smith's RP had increased in severity during his service.

In *AZ v. Shinseki* this Court held that where an alleged in-service sexual assault is

not reported the absence of service records documenting the alleged assault is not pertinent evidence that the assault did not occur. *See* 731 F.3d 1303, 1318 (Fed. Cir. 2013). Thus, it follows that the absence of evidence of an increase in the severity of a claimant's disability in service cannot, as a matter of law, meet the evidentiary burden of the Secretary to rebut the presumption of soundness based on clear and unmistakable evidence. In *AZ* this Court explained, "[b]ecause the alleged assaults were not reported to military authorities, no reasonable person could expect records documenting the assaults to exist, or infer that the absence of such records tends to prove the assaults did not occur. Thus, the absence of records 'provides neither positive nor negative support for service connection,' . . . and is 'not pertinent evidence, one way or the other,' to that determination." *Id.* If the absence of evidence does not provide any evidentiary support, either positive or negative, for a finding of service connection, then the absence of evidence cannot, as a matter of law, support the purported rebutting of the presumption of soundness.

In *Routen v. West* this Court observed that a presumption is rebutted when the contrary evidence "meets the requisite level" to cast sufficient doubt on its viability. *See* 142 F.3d 1434, 1440 (Fed. Cir. 1998). That is the question of law presented by Mr. Smith's appeal. Contrary to the Secretary's assertion, Mr. Smith's appeal does not present a quintessential question of the application of law to fact that is beyond the scope of this Court's jurisdiction. Quite to the contrary, consistent with this Court's

decision in *Fagan v. Shinseki*, 573 F.3d 1282, 1289 (Fed. Cir 2009), where a VA examiner's statement recites the inability to come to an opinion and provides neither positive nor negative support for a finding of service connection, that opinion statement is not pertinent evidence, one way or the other, regarding service connection. In Mr. Smith's case, the opinion obtained by the Secretary to rebut the presumption of soundness provided neither positive nor negative evidence that was clear and unmistakable to support a finding that Mr. Smith's RP was not aggravated during his period of active duty service. As such, Dr. Wilson's opinion that it was less likely as not that there was an increase in the severity of Mr. Smith's RP during his service was not pertinent evidence, one way or the other, regarding whether there was clear and unmistakable evidence that his RP was not aggravated during his period of active duty service.

In the case of *Buczynski v. Shinseki* the Veterans Court itself held that the Board could not rely on silence in medical records to conclude that the appellant's injury at issue was not "exceptionally repugnant". *See* 24 Vet.App. 221, 225–26 (2011). Relying upon Fed. R. Evid. 803(7), which provides that "the absence of an entry in a record may be evidence against the existence of a fact if such a fact would ordinarily be recorded", the Veterans Court reasoned that there was no medical reason for the examiner to have addressed the subjective conclusion of whether the appellant's condition was "exceptionally repugnant". In Mr. Smith's case, the Secretary is correct that the question

of whether a veteran's preexisting condition increased in severity during a period of active duty service is a question of fact which must be supported by competent evidence. Here, the Board, as well as the Veterans Court, relied upon the opinion of a VA examiner that was a subjective conclusion and thus not competent to meet the evidentiary burden of "clear and unmistakable evidence" imposed by Congress in § 1111.

Further in this vein, in *Horn v. Shinseki*, the Veterans Court concluded that the VA examiner's statements that implied the examiner was relying on the absence of objective evidence of aggravation came close to improperly shifting the burden to the veteran to show an increase in his disability during service. *See* 25 Vet.App. 231, 239 (2012). The Veterans Court further noted in *Horn* that "there is no requirement of a specific injury or trauma in order for the preexisting condition to have been aggravated. . . . [and that i]t is the lack of aggravation that the Secretary must prove, not lack of an injury." *Id.* Put another way, the Secretary cannot, as a matter of law, rely upon the absence of objective evidence of aggravation to meet his evidentiary burden under § 1111.

The holding in *Horn* is clear and is applicable here. The absence of evidence cannot be substantive negative evidence without "a proper foundation . . . to demonstrate that such silence has a tendency to prove or disprove a relevant fact." *See id.* at 239, n. 7. In *Horn* the Veterans Court cited to *Buczynski* at 224, *ibid.*, for its precedent holding that "referenced Federal Rule of Evidence 803(7), to the effect that 'the absence of an entry in a record may be evidence against the existence of a fact [**<u>only</u>**]

if such a fact would ordinarily be recorded.'" *Id.* In *AZ*, this Court reasoned that, "[l]ike the inconclusive medical report in *Fagan*, the absence of a report of an unreported sexual assault is too ambiguous to have probative value." 731 F.3d at 1318. In Mr. Smith's case the VA examiner's reliance upon the absence of evidence of an increase in the severity of Mr. Smith's RP is too ambiguous to meet the Secretary's clear and unmistakable evidentiary burden under § 1111. As a matter of law satisfying this high burden is the only means available to the Secretary to show that Mr. Smith's RP was not aggravated during his period of active duty service to rebut the presumption of soundness.

The Secretary is wrong when he asserts that Mr. Smith's argument is beyond the purview of this Court on jurisdictional grounds, both in its premise and conclusion. *See* Sec.Brf. at 11. The Secretary contends that:

> If Mr. Smith's argument was correct, then the "presumption" of soundness in section 1111 would be converted into an absolute rule for conditions that were not expressly diagnosed prior to service.

*Id.* at 11-12. In no way does Mr. Smith's argument serve to convert the § 1111 presumption into an absolute rule. Rather, his argument relies on the language used by Congress, which imposes upon the Secretary an unambiguous evidentiary burden to show by clear and unmistakable **evidence** that a veteran's preexisting condition—having been shown by clear and unmistakable **evidence** to have existed prior to service—must

not have been aggravated during that veteran's period of service.

The Secretary also misapprehends Mr. Smith's argument when he alleges that it conflates "the existence of a diagnosis with the manifested symptoms of the disease." Sec.Brf. at 12. The Secretary explains such a "conflation" is problematic because, "as any patient living with an untreatable ailment will attest, it is not the instance of diagnosis that defines the severity of the disease." *Id.* However, besides not being accurate, whether Mr. Smith's argument conflates anything is irrelevant. His argument is that Dr. Wilson's opinion, Appx116-117, relied upon the absence of evidence of how severe Mr. Smith's RP was in service to support his opinion that there was no increase in the severity of the RP during Mr. Smith's period of active duty. The Secretary, like the Board and the Veterans Court, relied upon measurements of Mr. Smith's actual visual acuity—as tested upon entry and just before discharge—as not having materially changed to infer that there had been no increase in the severity of his RP. Dr. Wilson did not cite to any medical authority that measurements of Mr. Smith's actual visual acuity, as tested upon entry and just before discharge, was the accepted medical principle which confirms no increase in the severity of RP, either as a general matter or in Mr. Smith's case specifically. Although the Veterans Court indicated that Dr. Wilson had "cited medical studies that supported his conclusion. R. at 402-03," Appx19, there is no evidence his opinion actually did so. *See* Appx116-117.

The Secretary also relies upon the Veterans Court's conclusion that:

> . . . Dr. Wilson's opinion "r[o]se to the level of clear and unmistakable evidence of lack of aggravation" because it was "supported with a suitable medical explanation, extant medical knowledge, and discussion of the facts of record,"—not, as Mr. Smith argues now, merely "an inference he drew based upon an absence of evidence."

*See* Sec.Brf. at 13-14 (quoting from Appx19). In contrast, Mr. Smith relies upon the averment that the Veterans Court erred as a matter of law in its determination that the evidentiary burden to rebut the second prong of the presumption of soundness pursuant to 38 U.S.C. § 1111 had been met as is explained above. This is an averment of an error of law. It is not, as the Secretary erroneously contends, a "disagreement with the Veterans Court as to that assessment of the quality of the evidence in this record", which both Mr. Smith and the Secretary otherwise agree "is precisely what this Court may not review." Sec.Brf. at 14. But this is not the case here.

## Conclusion

For the foregoing reasons, as well as for the reasons stated in Mr. Smith's opening brief, the Court should reverse the decision of the Veterans Court that the Board met its evidentiary burden to rebut the second prong of the presumption of soundness pursuant to 38 U.S.C. § 1111. Further, this Court should instruct the Veterans Court to reverse the Board's January 14, 2021 decision which denied Mr. Smith entitlement to service connection for his RP disability.

Respectfully Submitted,

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

Attorney for Claimant-Appellant

## Certificate of Service

I certify that on the 27th day of February, 2024, the foregoing reply brief was electronically filed through CM/ECF system with the Clerk, United States Court of Appeals for the Federal Circuit. Copies of the document were served through the Court's CM/ECF system via the Notice of Docket Activity to:

Galina I. Fomenkova, Esq.
Department of Justice
Civil Division, Commercial Litigation Branch
galina.fomenkova@usdoj.gov

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

## Certificate of Compliance

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Appellant's counsel certifies that this Reply Brief complies with the Court's type-volume limitation rules. This brief was printed in Garamond font at 14 points. According to the word-count calculated, using WordPerfect v. X6, this Brief contains a total of 2386 words, which is within the 7,000 word limit.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com